

**SEALED**

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JUN 2 0 2023

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **23 CR 218 JFH** |
| Plaintiff, | |
| | <u>FILED UNDER SEAL</u> |
| v. | |
| | <u>INDICTMENT</u> |
| SHANE EUGENE MILLER, | [COUNT ONE: 21 U.S.C. §§ 846, |
| a/k/a "Frankie Dukes," | 841(b)(1)(A)(vi), and |
| a/k/a "Dukes," | 841(b)(1)(A)(viii) – Drug |
| a/k/a "FD," | Conspiracy; |
| JOHNATHAN ALLEN | COUNTS TWO through FIVE and |
| PERRYMAN, | SEVEN through EIGHT: 21 U.S.C. |
| a/k/a "Quik," | §§ 841(a)(1) and 841(b)(1)(B)(vi), |
| a/k/a "Q," | and 18 U.S.C. § 2 – Distribution of |
| BRENDA RAELENE BLAKELEY, | Fentanyl; |
| JUSTINA ROACHELL NEECE, | COUNT SIX: 21 U.S.C. |
| CIERRA MICHELLE WARNER, | §§ 841(a)(1) and 841(b)(1)(B)(viii), |
| | and 18 U.S.C. § 2 – Distribution of |
| Defendants. | Methamphetamine; |
| | COUNT NINE: 18 U.S.C. |
| | §§ 933(a)(1), 933(a)(3), 933(b), and 2 |
| | – Firearms Trafficking; |
| | COUNT TEN: 21 U.S.C. |
| | §§ 841(a)(1) and 841(b)(1)(A)(viii) – |
| | Possession of Methamphetamine |
| | with Intent to Distribute; |
| | COUNTS ELEVEN through |
| | THIRTY-SEVEN: 21 U.S.C. |
| | §§ 843(b) and 843(d)(1) – Unlawful |
| | Use of a Communication Facility; |
| | Forfeiture Allegation: 18 U.S.C. |
| | § 924(d)(1), 21 U.S.C. § 853, and 28 |
| | U.S.C. § 2461(c) – Drug and |
| | Firearms Forfeiture] |

THE GRAND JURY CHARGES:

**Western District of Oklahoma**
**Case No. M-23-559-SM**

## COUNT ONE
## [21 U.S.C. §§ 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii)]

On or about November 1, 2021, to on or about February 6, 2023, in the Northern District of Oklahoma and elsewhere, the defendants, **SHANE EUGENE MILLER,** a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD" (Defendant **"MILLER"**), **JOHNATHAN ALLEN PERRYMAN,** a/k/a "Quik," a/k/a "Q" (Defendant **"PERRYMAN"**), **BRENDA RAELENE BLAKELEY** (Defendant **"BLAKELEY"**), **JUSTINA ROACHELL NEECE** (Defendant **"NEECE"**), and **CIERRA MICHELLE WARNER** (Defendant **"WARNER"**), knowingly, intentionally, and willfully conspired, confederated, and agreed, together and with others known and unknown to the Grand Jury, to commit offenses against the United States as follows:

## OBJECTS OF THE CONSPIRACY

The objects of the conspiracy were:

a) To possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

b) To distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

c) To possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and

d) To distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## PURPOSE OF THE CONSPIRACY

The purpose of the conspiracy was to enrich the defendants illegally through the illicit sale of methamphetamine and fentanyl to addicts and drug users who had no lawful means of acquiring the controlled substances.

## DEFINITION OF TERMS USED BY CONSPIRATORS

During the conspiracy, the conspirators used coded language to conceal the true meaning of their communications as follows:

a. "Box" referred to kilograms;

b. "Work" referred to controlled substances;

c. "K-pack" referred to 1000 fentanyl pills;

d. "Blue Paint" referred to fentanyl;

e. "White Paint" referred to methamphetamine;

f. "Elbow" referred to a pound;

g. "Bird" referred to one kilogram;

h. "Clear" referred to methamphetamine; and

i. "Metal" referred to guns.

## MEANS AND METHODS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means and methods, among others:

1.     Defendant **MILLER** would and did lead, manage, and direct the activities of the Drug Trafficking Organization ("MILLER DTO") while in custody of the custody of the Oklahoma Department of Corrections.

2.     Defendant **MILLER** would and did use contraband cellular phones and social media communication applications, including Signal, to communicate with co-conspirators.

3.     Defendant **MILLER** would and did obtain methamphetamine and fentanyl from Defendant **MILLER's** sources of supply.

4.     Defendant **MILLER** would and did provide methamphetamine and fentanyl to co-conspirators, including Defendants **PERRYMAN**, **NEECE**, and **BLAKELEY**.

5.     Defendant **MILLER** would and did communicate with cellular phones to negotiate with potential buyers of methamphetamine and fentanyl.

6.     Defendant **MILLER** would and did communicate with Signal, an encrypted private messenger application, to negotiate with potential buyers of methamphetamine and fentanyl.

7.     Defendant **MILLER** would and did direct co-conspirators, including Defendants **PERRYMAN**, **NEECE**, and **BLAKELEY**, to obtain distribution amounts of methamphetamine and fentanyl for delivery to buyers.

8.    Defendants **PERRYMAN**, **NEECE**, and **BLAKELEY** would and did collect money payments for methamphetamine and fentanyl they distributed.

9.    Defendant **WARNER** would and did use cellular phones to facilitate Defendant **MILLER's** collection of drug debts.

10.   Defendant **WARNER** would and did use Signal to facilitate Defendant **MILLER's** collection of drug debts.

11.   Defendant **WARNER** would and did maintain a record of drug debts owed to Defendant **MILLER**.

12.   Defendant **WARNER** would and did provide drugs proceeds to Defendant **MILLER** by placing money on Defendant **MILLER's** Oklahoma Department of Corrections inmate account.

## OVERT ACTS

In furtherance of this conspiracy and to accomplish its objects, the conspirators committed the following overt acts, among others, in the Northern District of Oklahoma and elsewhere:

1.    On or about September 8, 2022, Defendant **MILLER** communicated with a confidential source ("CS") using Signal to negotiate CS's payment of a drug debt owed to Defendant **MILLER**, CS's future drug transactions, who would make deliveries to CS on Defendant **MILLER's** behalf, and the amount Defendant **MILLER** would charge for a "k-pack" or a "box."

2.    On or about September 14, 2022, CS and Defendant **MILLER** used Signal to negotiate the delivery of a k-pack of fentanyl in Tulsa.

3.    On or about September 15, 2022, Defendant **MILLER** sent a Signal text to CS confirming the price, time of delivery, and a description of the car the DTO member would be driving to deliver the fentanyl.

4.    On or about September 15, 2022, Defendant **PERRYMAN** directed CS to the location where Defendant **PERRYMAN** would deliver a k-pack of fentanyl.

5.    Subsequently, on September 15, 2022, CS confirmed the transaction to Defendant **MILLER**.

6.    On or about September 16, 2022, CS advised Defendant **MILLER** using Signal that CS would deliver $400 to Defendant **WARNER** by Sunday.

7.    During the same Signal communication, Defendant **MILLER** told CS that Defendant **MILLER** did not trust CS because Defendant **MILLER's** house "got hit," meaning law enforcement searched it, about three weeks after Defendant **MILLER** first fronted supply to CS.

8.    During the same Signal communication, Defendant **MILLER** advised that CS owed Defendant **MILLER** approximately 30 or 40, meaning $30,000 to $40,000.

9.    On or about September 18, 2022, CS met with Defendant **WARNER** and paid $400 on the drug debt to Defendant **MILLER**.

10. On or about September 18, 2022, CS confirmed to Defendant **MILLER** that CS gave $400 to Defendant **WARNER** to pay on the debt to Defendant **MILLER** and CS received Defendant **MILLER's** acknowledgment.

11. On or about September 19, 2022, Defendant **MILLER** used Signal to advise CS that he had lots of pills and some "work," meaning methamphetamine.

12. In the same Signal communication, Defendant **MILLER** told CS that he was ready and would have a better deal.

13. On or about September 21, 2022, Defendant **MILLER** and CS used Signal to confirm a k-pack deal for the following day.

14. In the same Signal communication, Defendant **MILLER** advised that he would let "Quik," meaning Defendant **PERRYMAN,** know and next time it would be a better price.

15. On or about September 22, 2022, Defendant **MILLER** used Signal to advise CS that he needed to get Defendant **PERRYMAN** mobile again.

16. On or about September 26, 2022, CS informed Defendant **WARNER** by cell phone that CS had not been able to contact with Defendant **PERRYMAN** or his runner.

17. On or about September 26, 2022, CS confirmed by cell phone call a meeting with Defendant **PERRYMAN** for the next day.

18. On or about September 26, 2022, CS told Defendant **WARNER** in a cell phone call that CS had contacted Defendant **PERRYMAN** to let him know.

19. On or about September 27, 2022, CS asked Defendant **WARNER** in a cell phone call whether there was a deal that day and offered to give Defendant **WARNER** $400 for Defendant **MILLER** after the deal.

20. On or about September 27, 2022, Defendant **PERRYMAN** called and texted CS about selling a k-pack of fentanyl that day.

21. As part of the same messages, Defendant **PERRYMAN** told CS he was running late and asked CS not to tell Defendant **MILLER** because "he will be pissed."

22. On or about September 27, 2022, Defendant **PERRYMAN** sold an undercover law enforcement agent ("UA") one k-pack of fentanyl.

23. During that meeting, UA asked Defendant **PERRYMAN** for a better price and Defendant **PERRYMAN** told UA to talk to Defendant **MILLER**.

24. On or about October 3, 2022, CS texted Defendant **WARNER** about giving Defendant **WARNER** $400 to pay a drug debt to Defendant **MILLER**.

25. On or about October 3, 2022, Defendant **MILLER** sent CS a photograph of crystal methamphetamine using Signal.

26. On or about October 4, 2022, CS informed Defendant **PERRYMAN** in a cell phone call that CS only wanted a pack of 1000 fentanyl pills and a gun.

27. Later during the same phone call, Defendant **PERRYMAN** and CS agreed to meet for the deal the next day at the mall in Tulsa at about 11:30 a.m.

8

28.   On or about October 4, 2022, Defendant **PERRYMAN** and CS discussed whether Defendant **PERRYMAN** could supply a gun, a zip of methamphetamine, and a pack of 1000 fentanyl pills.

29.   On or about October 5, 2022, Defendant **PERRYMAN** and his girlfriend Defendant **NEECE** drove to Tulsa to meet UA for the drug and gun deal.

30.   When Defendant **PERRYMAN** arrived, he asked whether UA had a bag and UA said "no."

31.   After hearing that UA did not have a bag, Defendant **NEECE** gathered the gun and drugs from the backseat of the car, then Defendant **PERRYMAN** placed the fentanyl pills, a zip of methamphetamine, and a gun into the hat and handed it to UA.

32.   On or about October 13, 2022, Defendant **WARNER** texted UA about payment of CS's drug debt to Defendant **MILLER**.

33.   Defendant **WARNER** asked UA in the same text conversation if UA could deposit the money into a specific RCB Bank checking account.

34.   Afterward, UA texted a photograph of the deposit receipt to Defendant **WARNER** and Defendant **WARNER** replied, "Thanks you!!!"

35.   On or about October 18, 2022, Defendant **PERRYMAN** texted CS confirming that he going to get the "iron," meaning a gun, later that day.

9

36. On or about October 19, 2022, Defendant **PERRYMAN** met with CS and UA in Tulsa and sold UA 1,000 fentanyl pills for $2,500, 28 grams of methamphetamine, and two semi-automatic assault rifles for $1,750.

37. On or about October 22, 2022, Defendant **PERRYMAN** texted CS confirming the deal for $1,700 for the guns, $1,700 for half a kilo of methamphetamine, $2,500 for 1000 fentanyl pills, and $100 for delivery on Wednesday.

38. On or about October 26, 2022, Defendant **PERRYMAN** drove to Tulsa, where Defendant **PERRYMAN** sold UA a shotgun, two semi-automatic handguns, six magazines, including an extended high-capacity magazine, six boxes of 12-gauge ammunition for $1,700.

39. On that same occasion, Defendant **PERRYMAN** also sold UA $1,000 fentanyl pills for $2,500 and collected a $100 delivery fee from UA.

40. On or about October 26, 2022, CS met Defendant **WARNER** in Pawnee, Oklahoma, and gave Defendant **WARNER** $400 as payment for a drug debt to Defendant **MILLER**.

41. On or about November 21, 2022, CS informed Defendant **PERRYMAN** in a cell phone call that CS only wanted the fentanyl powder, not the crystal methamphetamine.

42. In the same phone call, Defendant **PERRYMAN** said he would meet CS the next day in Tulsa around 2:45 p.m.

43. Defendant **PERRYMAN** talked to CS in a phone call later that day, changing the meeting time on following day from 2:45 p.m. to 11:45 a.m.

44. On or about November 22, 2022, Defendant **PERRYMAN** texted CS "Gym10" as the meeting spot for that day.

45. On or about November 22, 2022, Defendant **PERRYMAN** advised CS by cell phone that he had left a bag by a red pole over in the parking lot.

46. On or about November 22, 2022, Defendant **PERRYMAN** delivered 28 grams of powder fentanyl, a Taurus 9mm pistol, a Springfield XD .45 caliber pistol, a Zigana 9mm pistol, a Sig Sauer 9x19mm pistol, several magazines, and ammunition to CS, who paid $3,400 and a $100 delivery fee.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii).

## COUNT TWO
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and 18 U.S.C. § 2]

On or about September 15, 2022, in the Northern District of Oklahoma, the defendants, **SHANE EUGENE MILLER**, a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD," and **JOHNATHAN ALLEN PERRYMAN**, a/k/a "Quik," a/k/a "Q," aiding and abetting one another, knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), and Title 18, United States Code, Section 2.

## COUNT THREE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and 18 U.S.C. § 2]

On or about September 27, 2022, in the Northern District of Oklahoma, the defendants, **SHANE EUGENE MILLER,** a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD," and **JOHNATHAN ALLEN PERRYMAN,** a/k/a "Quik," a/k/a "Q," aiding and abetting one another, knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), and Title 18, United States Code, Section 2.

## COUNT FOUR
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and 18 U.S.C. § 2]

On or about October 3, 2022, in the Northern District of Oklahoma, the defendants, **SHANE EUGENE MILLER**, a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD," **JOHNATHAN ALLEN PERRYMAN**, a/k/a "Quik," a/k/a "Q," and **JUSTINA ROACHELL NEECE**, aiding and abetting one another, knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), and Title 18, United States Code, Section 2.

## COUNT FIVE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and 18 U.S.C. § 2]

On or about October 19, 2022, in the Northern District of Oklahoma, the defendants, **SHANE EUGENE MILLER**, a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD," and **JOHNATHAN ALLEN PERRYMAN**, a/k/a "Quik," a/k/a "Q," aiding and abetting one another, knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), and Title 18, United States Code, Section 2.

## COUNT SIX
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), and 18 U.S.C. § 2]

On or about October 19, 2022, in the Northern District of Oklahoma, the defendants, **SHANE EUGENE MILLER**, a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD," and **JOHNATHAN ALLEN PERRYMAN**, a/k/a "Quik," a/k/a "Q," aiding and abetting one another, knowingly and intentionally distributed 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Title 18, United States Code, Section 2.

## COUNT SEVEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and 18 U.S.C. § 2]

On or about October 26, 2022, in the Northern District of Oklahoma, the defendants, **SHANE EUGENE MILLER**, a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD," and **JOHNATHAN ALLEN PERRYMAN**, a/k/a "Quik," a/k/a "Q," aiding and abetting one another, knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), and Title 18, United States Code, Section 2.

**COUNT EIGHT**
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and 18 U.S.C. § 2]**

On or about November 22, 2022, in the Northern District of Oklahoma, the defendants, **SHANE EUGENE MILLER,** a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD," and **JOHNATHAN ALLEN PERRYMAN,** a/k/a "Quik," A/K/A "Q," aiding and abetting one another, knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), and Title 18, United States Code, Section 2.

## COUNT NINE
### [18 U.S.C. § 933(a)(1), 933(a)(3), 933(b), and 2]

From on or about September 27, 2022, to on or about November 22, 2022, in the Northern District of Oklahoma, the defendants, **JOHNATHAN ALLEN PERRYMAN**, a/k/a "Quik," a/k/a "Q," and **JUSTINA ROACHELL NEECE**, aiding and abetting one another, shipped, transported, transferred, caused to be transported, and otherwise disposed of the following firearms in and otherwise affecting interstate and foreign commerce to a person known to the Grand Jury:

1. A Springfield, Model XD-S, 9mm pistol, serial number HG9392912;

2. A Keltec, Model KSG, 12-gauge shotgun, serial number XXF642;

3. A Pac West Arms, Model Commando, 5.56mm rifle, serial number 002938;

4. A Radikal Arms, Model NK-1, 12-gauge shotgun, serial number W02829;

5. A Taurus, Model G3, 9mm pistol, serial number ABH787939;

6. A Taurus, Model PT111 G2A, 9mm pistol, serial number ABE536902;

7. A Tisas, Model PX-9 Gen3, 9mm pistol, serial number T062021BM19690;

8. A Tisas, Model Zigana F, 9mm pistol, serial number T0620-16H01038;

9. An HS Produkt, Model XD, .45 ACP pistol, serial number US733260; and

10. A Sig Sauer, Model P320, 9mm pistol, serial number 58J138893,

knowing and having reasonable cause to believe that the use, carrying, and possession of the firearms by this person would constitute a felony, and **PERRYMAN** and **NEECE** also attempted and conspired to do so.

All in violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3), 933(b), and 2.

## COUNT TEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about February 6, 2023, in the Northern District of Oklahoma, the defendant, **BRENDA RAELENE BLAKELEY**, knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNTS ELEVEN THROUGH TWENTY-FOUR
### [21 U.S.C. §§ 843(b) and 843(d)(1)]

On or about the dates and times listed below, in the Northern District of Oklahoma and elsewhere, the defendant, **SHANE EUGENE MILLER**, a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD," knowingly and intentionally used a communication facility, specifically, a cellular telephone, in committing, causing, and facilitating the commission of acts constituting felonies under Title 21, United States Code, Sections 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii), that is, Drug Conspiracy, as described in Count One of Indictment and as set forth in the chart below:

| Count | Date | Telephone Number Used | Description of Communication |
|---|---|---|---|
| 11 | 9/8/2022 | 918-397-2289 | **MILLER** communicates with CS about selling pounds of methamphetamine and "k-packs" of fentanyl, including prices. |
| 12 | 9/14/2022 | 918-397-2289 | **MILLER** communicates with CS about the sale of one "k-pack" of fentanyl in Tulsa. |
| 13 | 9/15/2022 | 918-397-2289 | **MILLER** texts CS in order to arrange the sale of a "k-pack," including discussing the time and location to meet. |
| 14 | 9/16/2022 | 918-397-2289 | **MILLER** and CS discuss Individual 2 paying $400 to WARNER. |
| 15 | 9/19/2022 | 918-397-2289 | **MILLER** texts CS that he has lots of pills and "work" available. |

| 16 | 9/21/2022 | 918-397-2289 | **MILLER** communicates with CS about the sale of another "k-pack" of fentanyl and that PERRYMAN would assist with the transaction. |
| 17 | 10/4/2022 | 918-397-2289 | **MILLER** sends CS a photograph of methamphetamine via Signal. |
| 18 | 10/20/2022 | 918-397-2289 | **MILLER** sends CS a photograph of large shards of methamphetamine, via Signal. |
| 19 | 10/27/2022 | 918-397-2289 | **MILLER** sends CS a photograph of a bag of methamphetamine, via Signal. |
| 20 | 10/31/2022 | 918-397-2289 | **MILLER** sends CS a photograph of a bag of fentanyl powder, via Signal, and messages information about the price of methamphetamine. |
| 21 | 11/10/2022 | 918-397-2289 | **MILLER** communicates with CS about the strength of the fentanyl he is selling, including warning CS and others to be careful. |
| 22 | 1/11/2023 | 918-397-2289 | **MILLER** texts CS regarding the current price that he is selling "k-packs" of fentanyl for. |
| 23 | 1/23/2023 | 918-397-2289 | **MILLER** texts CS to discuss the money CS owes to **MILLER**. |
| 24 | 2/5/2023 | 918-397-2289 | **MILLER** texts UA to discuss potential drug sales. |

All in violation of Title 21, United States Code, Sections 843(b) and 843(d)(1).

## COUNTS TWENTY-FIVE THROUGH TWENTY-NINE
### [21 U.S.C. §§ 843(b) and 843(d)(1)]

On or about the dates and times listed below, in the Northern District of Oklahoma and elsewhere, the defendant, **JOHNATHAN ALLEN PERRYMAN,** a/k/a "Quik," a/k/a "Q," knowingly and intentionally used a communication facility, specifically, a cellular telephone, in committing, causing, and facilitating the commission of acts constituting felonies under Title 21, United States Code, Sections 846, 841(b)(1)(A)(vi) and 841(b)(1)(A)(viii), that is, Drug Conspiracy, as described in Count One of Indictment and as set forth in the chart below:

| Count | Date | Telephone Number or Username Used | Description of Communication |
|---|---|---|---|
| 25 | 9/15/2022 | Facebook Messenger Username "Jon Quik" | **PERRYMAN** texts CS to arrange to meet to conduct the sale of one "k-pack" of fentanyl to CS. |
| 26 | 9/26/2022 | 918-617-1032 | **PERRYMAN** communicates with CS to confirm that they are meeting the next day to conduct a sale of one "k-pack" of fentanyl. |
| 27 | 9/27/2022 | 918-617-1032 | **PERRYMAN** communicates with CS about meeting to sell a "k-pack" and lets CS know that he is running late. |
| 28 | 10/4/2022 | 918-617-1032 | **PERRYMAN** calls CS to discuss the sale of one "pack" of fentanyl. |
| 29 | 10/18/2022 | 580-371-5046 | **PERRYMAN** texts CS about the sale of fentanyl pills. |

All in violation of Title 21, United States Code, Sections 843(b) and 843(d)(1).

## <u>COUNTS THIRTY THROUGH THIRTY-SEVEN</u>
**[21 U.S.C. §§ 843(b) and 843(d)(1)]**

On or about the dates and times listed below, in the Northern District of
Oklahoma and elsewhere, the defendant, **CIERRA MICHELLE WARNER,**
knowingly and intentionally used a communication facility, specifically, a cellular
telephone, in committing, causing, and facilitating the commission of acts
constituting felonies under Title 21, United States Code, Sections 846,
841(b)(1)(A)(vi) and 841(b)(1)(A)(viii); that is, Drug Conspiracy, as described in
Count One of Indictment and as set forth in the chart below:

| Count | Date | Telephone Number Used | Description of Communication |
|---|---|---|---|
| 30 | 8/2/2022 | 580-761-1999 | **WARNER** communicates with CS about providing CS's number to **MILLER,** so **MILLER** and CS could conduct drug transactions. |
| 31 | 8/31/2022 | 580-761-1999 | **WARNER** communicates with CS about CS needing to pay off his debt to **MILLER.** |
| 32 | 9/1/2022 | 580-761-1999 | **WARNER** communicates with CS and tells CS that **MILLER** will contact CS directly to discuss the sale of drugs. |
| 33 | 10/6/2022 | 580-761-1999 | **WARNER** texts CS asking for an update regarding payment from CS. |
| 34 | 10/13/2022 | 580-761-1999 | **WARNER** texts UA about repayment of CS's debt to **MILLER,** and asks UA to make a deposit into a specific account at "RCB Bank." |
| 35 | 12/12/2022 | 580-761-1999 | **WARNER** communicates with CS about payment for previous drug sales. |
| 36 | 1/20/2023 | 580-761-1999 | **WARNER** texts CS about money he owes to MILLER. |
| 37 | 1/21/2023 | 580-761-1999 | **WARNER** communicates with CS to make plans to meet in order for CS to |

| Count | Date | Telephone Number Used | Description of Communication |
|-------|------|----------------------|------------------------------|
|       |      |                      | provide **WARNER** $300 to give to MILLER. |

All in violation of Title 21, United States Code, Sections 843(b) and 843(d)(1).

## FORFEITURE ALLEGATION
### [18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c)]

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses alleged in this Indictment, as a part of their sentences, the defendants, **SHANE EUGENE MILLER**, a/k/a "Frankie Dukes," a/k/a "Dukes," a/k/a "FD," **JOHNATHAN ALLEN PERRYMAN**, a/k/a "Quik," a/k/a "Q," **BRENDA RAELENE BLAKELEY**, **JUSTINA ROACHELL NEECE**, and **CIERRA MICHELLE WARNER**, shall forfeit to the United States any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations, any firearm and ammunition involved in or used in the knowing commission of such offenses, and any property, real or personal, that was used or intended to be used to commit or to facilitate the violations of federal law.

All pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

CLINTON J. JOHNSON
United States Attorney

A TRUE BILL

_____

_/s/ Grand Jury Foreperson_____

NATHAN E. MICHEL
Assistant United States Attorney

Grand Jury Foreperson

AO 442 (Rev. 10/13) Arrest Warrant



Received
U.S. Marshals Service
2023 JUN 21 PM 1:37
N/OK

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

United States of America
v.

JOHNATHAN ALLEN PERRYMAN,
a/k/a "Quik"

*Defendant*

) ) ) ) )

Case No. **23 CR 218 JFH**

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   JOHNATHAN ALLEN PERRYMAN, a/k/a "Quik,"
who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

21 U.S.C. §§ 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii) – Drug Conspiracy
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), and 18 U.S.C. § 2 – Distribution of Fentanyl
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), and 18 U.S.C. § 2 – Distribution of Methamphetamine
18 U.S.C. §§ 933(a)(1), 933(a)(3), 933(b), and 2 – Firearms Trafficking
21 U.S.C. §§ 843(b) and 843(d)(1) – Unlawful Use of a Communication Facility
18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) – Drug and Firearms Forfeiture

Date:   JUN 2 1 2023                                         _____
                                                                          *Issuing officer's signature*

City and state:   Tulsa, Oklahoma                             Mark McCartt, Court Clerk
                                                                          *Printed name and title*

| Return | |
|---|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ | |
| At *(city and state)* _____ | |
| Date: _____ | |
| | *Arresting officer's signature* |
| | *Printed name and title* |

ACB/dw